15994

DAMERON v. SPARTAN MILLS *ET AL.*

(44 S. E. (2d) 465)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellants,

*Messrs. J. Allen Lambright* and *C. C. Brown,* of Spartanburg, for Respondent.

October 3, 1947.

Taylor, J.: The respondent suffered an injury arising out of and in the course of her employment on or about August 15, 1944, while employed by the Spartan Mills of Spartanburg, South Carolina, who operates under the South Carolina Workmen's Compensation Act with Liberty Mutual

Insurance Company as its insurance carrier. A claim was duly filed and a hearing held before a Single Commissioner November 20, 1945, which resulted in an award for the claimant for total disability, with the defendant being given credit for the time worked. The pertinent parts of which are as follows:

"It Is Ordered that the defendants shall pay compensation to the claimant, Mrs. Eula Dameron, at the compensable wage of $14.23, until such time as she has reached maximum improvement and the defendants shall take credit for any time that she has worked.

"It Is Further Ordered that the defendants shall pay all medical expense incidental to this injury.

"It Is Further Ordered that the defendants shall pay the standing hearing costs".

In due time, an appeal was taken to the Commission as a whole, who affirmed the findings of the Hearing Commissioner *in toto*. Thereafter, an appeal was taken to the Circuit Court, which in turn affirmed the findings of the Commission; and defendant now appeals to this Court upon exceptions which present but two questions, *i. e.*:

1. If an employee suffers a general disability as the result of an injury, but is drawing wages less in amount than those at the time of injury, should compensation be awarded for partial disability under Section 30, Code, Section 7035-33, or for total disability under Section 29, Code, Section 7035-32, giving employer and carrier credit for such wages as are earned.

2. Can the Commission impose costs on the grounds that a case has been defended without reasonable grounds where there has been no notice or opportunity to be heard on the question, and where the record shows substantial doubt as to the validity of the claim for compensation?

The right to workmen's compensation is wholly statutory and exists only under the circumstances provided in the Workmen's Compensation Act. The right of

any claimant to compensation is dependent upon the terms of the Act, and the criterion of the right of a claimant to compensation is whether or not his or her injury has lessened claimant's capacity and deprived him or her in whole or in part to obtain employment. *Marchbanks v. Duke Power Co.,* 190 S. C. 336, 2 S. E. (2d) 825; *Manning v. Gossett Mills,* 192 S. C. 262, 6 S. E. (2d) 256.

The object of the "Workmen's Compensation Act is to compensate for, or relieve from, the loss of impairment of an employee's capacity to earn * * * and not to indemnify for any physical ailment or impairment as such, except in the classes of case specifically provided in the Act; to exclude from allowable elements of compensation everything except diminution of earning power". *Burnette v. Startex Mills,* 195 S. C. 118, 10 S. E. (2d) 164, 166; see also *Jewel v. R. B. Pond Co.,* 198 S. C. 86, 15 S. E. (2d) 684; *Ingle v. Mills,* 204 S. C. 505, 30 S. E. (2d) 301; *Parrott v. Barfield Used Parts,* 206 S. C. 381, 34 S. E. (2d) 802.

In the case of *Ashley v. Ware Shoals Manufacturing Co.,* 210 S. C. 273, 42 S. E. (2d) 390, 394, this Court said: "Under the terms of Section 7035-32, where the incapacity for work is total, the injured employee receives a weekly compensation equal to a stipulated per centum of his average weekly wages 'during such total disability', but not exceeding a period of five hundred weeks. * * * Section 7035-33 provides for compensation for partial disability, the right to which, as in the case of total disability, remains only so long as the disability continues. Under the terms of Section 7035-49, the Industrial Commission is authorized to review any award 'on the ground of a change in condition' and 'may make an award ending, diminishing, or increasing the compensation previously awarded.' "

Claimant sustained her injuries on or about August 15, 1944, and the hearing was held November 20, 1945, a period of approximately fifteen months hav-

ing elapsed between the time of injury and the hearing. At irregular intervals during this time, she was alternately working and confined to her bed. Appellants take the position that since the undisputed testimony is that claimant worked at stated intervals, the award should have been for partial disability and not for total. On the other hand, it is undisputed that for a period of five months, and at irregular periods at other times, claimant was confined to her bed undergoing treatment. It would be paradoxical to say that one is entitled to compensation for total disability under the Workmen's Compensation Act and the decisions of this Court which measure disability in terms of earning power, while she was earning considerable wages from time to time doing substantially the same type of work. However, it would be just as much so to say that she was not totally disabled for the five months that she was confined to her bed. The Hearing Commissioner, in his zeal to do justice to this case, made an award for total disability and provided that appellant should be given credit for that amount which she had earned, but the rights acquired under the Workmen's Compensation Act being purely statutory, the parties are bound by the terms thereof, and we find no such provision therein. Were this not so, Section 30, Code, Section 7035-33, the section which relates to partial disability, would be rendered meaningless as all awards could be made for total disability with the employer receiving credit for such wages as are earned by the claimant. On the other hand, to hold with appellants' contention that the entire fifteen months should be considered by the Commissioner in arriving at the percentage of disability would enable unscrupulous employers and their carriers to prolong the hearings on these matters unreasonably; and by striking an average over an extended period of time, change what should be an award for total disability to one of partial disability by reason of one's being forced to earn a livelihood, and thereby defeat the very purpose of the Workmen's Compensation Act.

Appellant also takes exception to being assessed the hearing costs. Section 7035-65 of the Workmen's Compensation Act provides that the Industrial Commission may assess the whole costs of the proceedings upon a party if it shall determine that such proceedings have been brought or defended without reasonable ground.

Although the Commission made no express finding of fact or law that the appellants defended the case without reasonable grounds, nevertheless its imposition of such cost is evidence that such finding was made, for had no such conclusion been reached, no such assessment could have been made under the power vested in the Commission by the Act.

It seems to us that there is some evidence for the Commission to have concluded that the defendants defended without reasonable grounds. They had knowledge of the injury at the time, paid doctors' bills, medical bills, provided her with a brace and had access to her work charts which they introduced into evidence; and do not now contend that claimant's injury did not arise out of and in the course of her employment. This exception is, therefore, resolved against the appellant. See *Cole v. State Highway Department,* 190 S. C. 142, 2 S. E. (2d) 490.

This Court is, therefore, of the opinion that this case should be remanded to the Circuit Court with instructions that it in turn be remanded to the Industrial Commission (the fact-finding body) for the purpose of determining what period claimant was wholly disabled and making its award therefor; and what period she was partially disabled and rendering its award in accordance therewith; and it is so ordered.

Reversed and remanded.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.