16763

STATE v. TAYLOR
(77 S. E. (2d) 195)

*Messrs. Allen & Allen,* of Anderson, *for Appellant,*

528

*Mr. Rufus Fant, Solicitor,* of Anderson, *for Respondent,*

July 13, 1953.

PER CURIAM.

Appellant was convicted in a magistrate's court of operating a public livestock market without first obtaining a permit from the State Veterinarian, as required by Act No. 978 of the 1950 Acts of the General Assembly, 46 St. 2346, now constituting Sections 6-331 to 6-347, inclusive, of the 1952 Code. The Circuit Court affirmed the judgment of the magistrate.

Appellant seeks a reversal on two exceptions. The first is that the Court below erred in not holding the foregoing Act unconstitutional because "it violates Section One (1), Article Three (3) of the Constitution of the State of South Carolina, by (1) unlawfully attempting to delegate the law making authority of the legislature, and (2) by the invalid delegation of the legislative authority because of the incompleteness of said Act when it left the hands of the Legislature."

The challenged Act is entitled: "An Act to Regulate and Supervise Public Livestock Markets, Stockyards and

Dealers in Livestock in Order to Prevent the Spread of Contagious and Infectious Diseases of Livestock in South Carolina." It requires any person operating a public livestock market in South Carolina to obtain a permit from the State Veterinarian. Upon the filing of an application for such permit and the giving of the required bond, "the technical livestock committee, composed of four men appointed by the Board of Trustees of Clemson Agricultural College and the president, vice-president and secretary of the Livestock Dealers Association shall make an official inspection of the premises of each applicant, and if in their opinion the owner or owners of the proposed market can comply with the provisions of this Act, the State Veterinarian shall issue the permit." Section 2. Under Section 11, this committee is empowered to promulgate and enforce such rules and regulations as may be necessary to carry out the provisions of the Act. Any permit granted by the State Veterinarian may be revoked by the committee for violation of any such rule or regulation, or any requirement of the Act.

Section 4 provides in part: "All public livestock auction markets operating under this Act shall have proper facilities for holding livestock which shall include proper pens for holding and segregating, properly protected from the weather, adequate water supply and such other equipment as the inspecting committee, as outlined in Section 2, may deem necessary for the proper operation of the market. The premises, including yards, pens, alleys, and chutes, shall be cleaned and disinfected as outlined in the regulations issued in accordance with this Act." Under the terms of Section 5, no cattle to be used for dairy and breeding purposes shall be removed from any public livestock auction market unless shown to be free from brucellosis and, if necessary, a test for that purpose must be made. Under the terms of Section 7, no swine may be removed from such market, except for immediate slaughter, unless shown to have been inoculated against cholera. Section 9 of the Act is as follows: "All animals known to be affected [infected] with or exposed to

any contagious or infectious disease, or any animal that reacts to a test indicating the presence of such a disease shall be held separate and apart from healthy animals, and shall not be sold, traded, or otherwise disposed of except for immediate slaughter only." Section 12 makes the violation of any provision in the Act or any rule or regulation duly established by the committee a misdemeanor, punishable by a fine not exceeding $100.00 or imprisonment not exceeding thirty days.

In the foregoing analysis, we have omitted certain provisions of the Act which are not deemed pertinent to this controversy.

The first subdivision of Exception 1 is rather general. It does not point out in what respect there was an invalid delegation of legislative power. Apparently from appellant's brief, it is not claimed that the power vested in the committee to make necessary rules and regulations to carry out the provisions of the act is invalid. But if such contention had been made, it would be untenable. The obvious purpose of the Act is to provide sanitary conditions for livestock markets and to protect the public against diseased livestock. It was necessary to vest in some administrative body a large measure of discretionary authority and to empower it to make necessary rules and regulations to promote the purpose sought to be accomplished. "It has been held that the lawmaking body has authority to exercise its police powers by general laws, and to confer upon boards and other agencies authority and discretion to execute these laws, giving to such agencies the power to prescribe rules and impose penalties for their violation." *Stovall v. Sawyer, Chief Highway Commissioner,* 181 S. C. 379, 187 S. E. 821, 824. Also, see *State v. Ross,* 185 S. C. 472, 194 S. E. 439; *Banks v. Batesburg Hauling Co.,* 202 S. C. 273, 24 S. E. (2d) 496; *Davis v. Query,* 209 S. C. 41, 39 S. E. (2d) 117, and cases therein cited.

We gather from appellant's argument that by the first subdivision of Exception 1, it was intended to make an attack

upon the manner in which the committee is appointed. It is argued that the Legislature could not lawfully confer on the Board of Trustees of Clemson College the power of appointment, and that the Livestock Dealers Association, certain designated officers of which are made members of the committee, is a private business organization without any official or governmental status.

We had held that the Legislature may not delegate the power of appointment to public office "to unofficial persons or bodies where the latter are without rational and substantial relation to the law to be administered by the appointees". *Ashmore v. Greater Greenville Sewer District,* 211 S. C. 77, 44 S. E. (2d) 88, 96, 173 A. L. R. 397. But we have sustained the right of the Legislature to vest in unofficial bodies the power of appointment to public offices or boards where such bodies do have such relation to the law to be administered. *Floyd v. Thornton, Secretary of State;* 220 S. C. 414, 68 S. E. (2d) 334. It was there held that a statute providing that two members of the Board of Bank Control shall be appointed by the Governor upon recommendation of the State Bankers Association, one upon recommendation of building and loan associations and one upon recommendation of representatives of cash depositories, is not unconstitutional as an illegal delegation of legislative power.

Applying the foregoing principles to the legislation before us, there can be no doubt that the members of the Board of Trustees of Clemson College are especially qualified for the selection of men to serve on this committee. Under the statutes Sections 6-401 to 6-495, inclusive, of the 1952 Code, this Board is charged with certain duties and given certain powers with reference to the prevention, control and eradication of contagious and infectious diseases of livestock and poultry. It was entirely fitting that the Trustees of Clemson College should be clothed with the power to select a part of this committee.

The provision with reference to the other members of the committee is somewhat different but the principle is the same. The Livestock Dealers Association is not given the power of appointment. The Legislature merely made certain designated officers of this Association members by virtue of their office. It is reasonable to assume that these persons have peculiar knowledge of the workings of a livestock market and are thoroughly familiar with the methods which should be employed to control diseases in livestock. There is certainly here a rational "relation to the law to be administered." It is our opinion that the manner in which the Livestock Committee is appointed does not constitute an invalid delegation of legislative power.

We now turn to Subdivision 2 of Exception 1 charging that the Act is unconstitutional "by the invalid delegation of the legislative authority because of the incompleteness of said Act when it left the hands of the Legislature." We must decline to consider this exception for the reason that it is entirely too general. It does not set out any particular in which the Act is "incomplete". The deficiencies complained of are not disclosed. We are given no guide whatsoever as to the legal questions sought to be raised.

The final exception relates to the size of the livestock committee. The Act provides that said committee shall be "composed of four men appointed by the Board of Trustees of Clemson Agricultural College and the president, vice-president and secretary of the Livestock Dealers Association". This provision has been construed by those administering the Act as requiring a Committee of seven members. On the trial of the case, appellant moved for a verdict of not guilty upon the ground that the committee was improperly constituted in that the Act contemplated a committee of only four persons who were to be jointly appointed or selected by the Board of Trustees of Clemson College and the president, vice-president and secretary of the Livestock Dealers Association. Respondent contends, and

the Court below held, that the intent was that the committee should consist of seven persons, four of whom were to be appointed by the Board of Trustees of Clemson College and the other three were to consist of the designated officers of the Livestock Dealers Association.

It must be conceded that the quoted language of the Act relating to the appointment of the committee is rather loosely drawn and not entirely free from ambiguity. However, we are confident that the construction adopted by the Court below is the correct one. That advanced by appellant is somewhat plausible but not, we think, within the contemplation of the Legislature.

All exceptions are overruled and the judgment of the Court below affirmed.