## 17356

H. Forrest WALL, Employee, Respondent, v. C. Y. THOMASON COMPANY, Employer, and Insurer Service Corporation, Adjuster, Appellants

(101 S. E. (2d) 286)

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellants,*

*Messrs. Buzhardt & Buzhardt,* of McCormick, *for Respondent.*

December 2, 1957.

LEGGE, Justice.

In a proceeding instituted on August 1, 1955, under the South Carolina Workmen's Compensation Act to recover compensation for temporary total disability and disfigurement resulting from an injury arising out of and in the course of respondent's employment on February 3, 1954, a hearing was held before a single commissioner on October 13, 1955. On August 7, 1956, an award was filed denying

the claim for disability because no diminution of wages had been suffered, but ordering the employer, C. Y. Thomason Company, and its insurance carrier, to pay to the claimant seven hundred fifty dollars for serious bodily disfigurement. No appeal was taken from that award.

After the time for appeal had expired, and after respondent had made demand for payment of the award, the employer informed its counsel for the first time that it had, on December 27, 1954, made an advance of four hundred fifty dollars to respondent "on the compensation due" him, and accordingly offered to pay respondent the amount of the award less the amount of the advance so claimed to have been made. Respondent, denyng that such advance had been made, refused to agree to its deduction, and moved before the Honorable T. B. Greneker, Judge of the Eleventh Judicial Circuit, for judgment in the amount of the award, $750.00, plus doctors' bills amounting to $25.00. As to the item of $25.00 there is no controversy. The motion was heard by Judge Greneker on December 8, 1956, together with a motion by appellants for a reference to determine the question presented by the employer's claim of a deductible advance. On January 26, 1957, Judge Greneker, holding that the claim of advancement had been presented too late for consideration, refused appellants' motion and ordered judgment for the respondent in the amount of $775.00. Appeal is from that order.

Procedure for review by the full Commission of the award of the hearing commissioner is prescribed by Section 72-355 of the 1952 Code, and for appeal to the court of common pleas from the award of the full Commission by Section 72-356. If no application is made for review of the hearing commissioner's award, that award becomes effective as the award of the Commission. *McDonald v. Palmetto Theaters*, 196 S. C. 38, 11 S. E. (2d) 444.

Section 72-357 provides that upon the filing in the court of common pleas of a certified copy of an award unappealed from the court "shall render judgment in

accordance therewith". The language of the section is mandatory; and the rendition of judgment in such case is ministerial rather than judicial, for the award is subject to review only by the appeal procedure to which we have referred.

Appeal to the court of common pleas from the Commission's award is governed by the same principles that apply in ordinary civil actions, Code, Section 72-356, and that court can consider only matters that were before the Commission and as to which error has been specifically assigned. *Jones v. Anderson Cotton Mills,* 205 S. C. 247, 31 S. E. (2d) 447; *Bush v. Gingrey Brothers,* S. C., 100 S. E. (2d) 821.

Appellants contend that the offset claimed should have been considered by the lower court, at least to the extent of ordering a reference to determine its merit, perforce Section 72-172, which reads:

"Any payments made by an employer to an injured employee during the period of his disability, or to his dependents, which by the terms of this Title were not due and payable when made may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation; provided, that in the case of disability such deductions shall be made by shortening the period during which compensation must be paid and not by reducing the amount of the weekly payment."

. Whether Section 72-172 is applicable where the award is for disfigurement alone is a question which we need not, and do not, decide here. In any event the employer can make no deduction under this section without the approval of the Commission; and, in our view, such approval must be sought before the final award, for an award unappealed from is conclusive not only of the issues actually decided, but also of those that might have been raised before the Commission. "The adjudications and awards of compensation boards or commissions, as well as the judgments of courts, in proceedings for the recovery of compensation, are generally held

to be conclusive upon the parties and their privies, as to the matters involved or justiciable therein, so as to preclude, under the doctrine of *res judicata,* the relitigation thereof in subsequent proceedings". 58 Am. Jur., Workmen's Compensation, Section 493, p. 886; *Trigg v. Industrial Commission,* 1936, 364 Ill. 581, 5 N. E. (2d) 394, 108 A. L. R. 153; and see annotation in 122 A. L. R. at pp. 550 *et seq.*

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and MOSS, JJ., concur.