## 17959

John A. ELLISON, Appellant, v. J. Kenneth CASS, The Mayor of the City of Greenville, Robert W. Hunter, Sam F. Floyd, Dr. Thomas Brockman, Dr. Thomas Parker, Gus Smith and Mrs. J. Alden Simpson, The City Council of the City of Greenville, *et al.*, Respondents.

(127 S. E. (2d) 206)

*Messrs. Price & Poag,* of Greenville, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann* and *W. H. Arnold,* of Greenville, *for Respondents,*

September 4, 1962.

BUSSEY, Justice.

In August, 1958 the appellant, John A. Ellison, and one W. H. B. Simpson applied to the City Council of the City of Greenville for a permit for the purpose of constructing a motor vehicle parking building which would overhang the sidewalks of West McBee Avenue, a street within the State Highway System, and Laurens Street in the City of Greenville. Litigation thereabout ensued, and in the case of *Sloan v. City of Greenville,* 235 S. C. 277, 111 S. E. (2d) 573, 76 A. L. R. (2d) 88, this court remanded the cause for the issuance of a permanent injunction which was issued by the Honorable J. Robert Martin, Jr. on December 21, 1959, enjoining the City of Greenville from issuing the permit in question. Pending the appeal in that case from an order of the circuit court denying an injunction, Messrs. Ellison and

Simpson had continued the construction of the proposed building.

The 1960 General Assembly passed legislation which authorized cities within a certain population to construct or authorize the construction of parking buildings which would overhang the public streets. This legislation was vetoed by the Governor as special legislation, among other reasons, in that the population bracket of the cities was limited only to the City of Greenville.

In 1961 legislation was introduced and passed in both the House and Senate the title of which reads "An Act to Authorize The Governing Body of Any Municipality To Construct Or Permit The Construction Of Certain Motor Vehicle Parking Facilities Which Encroach Upon Or Project Over A Public Sidewalk In Shopping Districts." This Act, No. 329, was approved by the Governor on May 23, 1961, 52 St. at Large, p. 553.

Thereafter, Messrs. Simpson and Ellison applied to the City of Greenville for a permit to complete the construction of the proposed overhangs for their parking building.

On June 9, 1961 the City Council granted the application on condition that it not be in violation of the aforesaid order of Judge Martin.

This action was commenced by the appellant for the purpose of having the court determine whether or not the respondents would be in violation of the aforesaid order in issuing the permit. The respondents answered alleging that the 1961 Act of General Assembly was unconstitutional.

Judge Martin by Order filed August 21, 1961, held that said Act was unconstitutional under the provisions of Article IV, Sec. 2, and the Fourteenth Amendment of the Constitution of the United States of America, and Article I, Sec. 5 and Article III, Sec. 34 (IX) of the Constitution of the State of South Carolina, and that since the Act was unconstitutional there was no change of condition which

would allow the City to grant the permit application sought by Messrs. Simpson and Ellison. This appeal is from Judge Martin's order.

The 1961 Act reads as follows:

"A municipality may construct or authorize the construction of motor vehicle parking facilities which encroach upon or project over a public sidewalk in the shopping districts of such municipality. *Provided,* that any such encroachment or projection shall be, *in the opinion of the municipality's* governing body, of a sufficient height above the sidewalk so as not to impede or interfere with normal pedestrian or vehicular movement; *provided,* further that no such parking facility shall be allowed to encroach upon or project over any street within the State Highway System or which has been constructed or improved with Federal aid funds, but this provision shall not apply to any such parking facility constructed or in the process of construction at the time of the passage of this act. *Provided,* further, that the encroachment or projection of any such parking facility shall be removed, without compensation, upon reasonable notice given by the governing body of the municipality that the area subject to encroachment or projection is needed for street widening purposes or that the encroachment or projection interferes with normal pedestrian or vehicular movement."

In submitting the cause to Judge Martin, the parties filed a number of stipulations as to the facts involved, Stipulation IV reading as follows:

"That the parking facility for which permit is sought from the City of Greenville is the only parking facility constructed or in the process of construction which encroached on a road or street in the State Highway System at the time of the passage of this Act."

In *Sloan v. City of Greenville, supra,* this court stated the issue as follows:

"The question for determination upon this appeal is whether the City of Greenville, which holds title to the

streets in question, in trust, for the public for street purposes only, has the authority to permit the area above such streets to be used for private purposes."

The decision therein was to the effect that the city did not have such authority. The issue here is not whether the city has the authority, but whether the grant of authority by the legislature is constitutional.

It is, of course, elementary that the acts of the legislature are presumed to be constitutional, and that this court should not declare an act unconstitutional unless it is clearly so beyond a reasonable doubt.

It is, however, implicit in both the State and Federal Constitutions that legislation may not be discriminatory; that it must give equal protection to all; and that special legislation granting special benefits to private individuals, as contrasted with the public at large, is not permissible. *City of Laurens v. Anderson,* 75 S. C. 62, 55 S. E. 136; *Sirrine v. State,* 132 S. C. 241, 128 S. E. 172.

In brief, the respondents contend that the statute here is clearly in contravention of the foregoing constitutional principles.

The order of the circuit judge contained, *inter alia,* the following language:

"When construed in the light of its history and past litigation it is obvious that the Act of May 23, 1961 allows Messrs. Simpson and Ellison to encroach over a State Highway in the construction of a private business building and that this privilege is denied to any and all other persons."

There was no exception to this holding of the circuit judge and, moreover, the stipulation of fact shows it to be true and correct.

The entire Act, including provisos, is general in form but the fact that an act may be general in form does not prevent it from being special in its application, and whether a statute be a law of a general nature or not depends upon its subject matter and not upon its form.

"The section in question may be a general law in form, but courts of justice cannot permit constitutional prohibitions to be evaded by dressing up special laws in the garb and guise of general statutes. It requires no great degree of perspicacity to descry, in the carefully drawn provisions of this act, the obvious intention to limit its application to the seaside resorts of the state." *Thomas v. Macklen,* 186 S. C. 290, 195 S. E. 539.

The court pointed out in that case that the act may as well have referred to Myrtle Beach by name. Here, we think the history of the litigation and legislation, with the carefully drawn provisions of the act in question, leaves no doubt that the obvious intention and purpose of the provisos, with respect to encroachment over State Highways, was to allow Messrs. Simpson and Ellison, with the permission of the respondents, to build the particular building here in question.

It follows that the circuit judge was clearly correct in holding that the act was unconstitutional insofar as it would allow Messrs. Simpson and Ellison to encroach over a State Highway, and that the act, therefore, did not constitute a change of conditions which would allow the respondents to grant the permit in question. This alone is decisive of this appeal.

The appellant, however, insists in his brief that even though the provisions with respect to encroachment over State Highways be unconstitutional, the remainder of the act was separable and should be declared valid by this court. The record does not indicate whether this issue was presented in the lower court, but if it was, it was not passed upon, the lower court being of the opinion that the entire act was unconstitutional. Moreover, no exception on the part of the appellant expressly raises such issue here.

Independently, however, of this, we do not think that we have a situation where a severable portion should, under the applicable rules, be held valid after the separation of the invalid part, even if the issue be properly before us.

"The question as to whether portions of a Statute, which are constitutional, shall be upheld, while other divisible portions are eliminated is regarded as primarily as one of Legislative intent." *Dean v. Timmerman,* 234 S. C. 35, 106 S. E. (2d) 665.

The rule is well stated in *Townsend v. Richland County,* 190 S. C. 270, 2 S. E. (2d) 777:

"The rule is that where a part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions and considerations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they cannot be carried into effect, the legislature would not have passed the residue independently of that which is void, the whole act is void. On the other hand, where a part of the statute is unconstitutional, and that which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such a character as that it may fairly be presumed that the Legislature would have passed it independent of that which is in conflict with the Constitution, then the courts will reject that which is void and enforce the remainder."

After stripping the act in question of the proviso which would allow Messrs. Simpson and Ellison, and no one else to encroach over a State Highway, it is true that that which remains might be completely capable of being executed wholly independent of that which is rejected. However, before we could pass upon the constitutionality of the remainder and apply the rule of separability, the remainder would have to meet the other test. Is it of such a character that we may fairly presume that the legislature would have passed it independently of that which is in conflict with the Constitution?

To the contrary, the history of the legislation and litigation here leads us to the conclusion that no part of the act would have been passed except for the purpose of allowing Messrs. Simpson and Ellison the privilege of constructing, with the

approval of the City of Greenville, the particular building in question. We, therefore, conclude that the entire act here is unconstitutional and in violation of Article IV, Section 2, of the Constitution of the United States, the fourteenth amendment to the Constitution of the United States, and Article I, Section 5, and Article III, Section 34 of the Constitution of South Carolina for 1895.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.