17962

Mamie DRAKE, Respondent, v. RAYBESTOS-MANHATTAN, INC., and U. S. Casualty Company, Appellants

(127 S. E. (2d) 288)

*Messrs. Mitchell & Horlbeck* and *Sinkler, Gibbs & Simons,* of Charleston, *for appellants,*

*J. Louis Lempesis, Esq.,* of Charleston, *for Respondent,*

September 5, 1962.

LEWIS, Justice.

This case involves a claim by the respondent-employee for benefits under the South Carolina Workmen's Compensation Act for total and permanent disability resulting from an occupational disease. The claim of the respondent was resisted before the Industrial Commission on the grounds that (1) timely notice of her claim had not been given as required by Sections 72-301 and 72-303 of the 1952 Code of Laws and (2) the disability of the respondent did not arise out of and in the course of her employment. The Industrial Commission decided both issues in favor of the respondent, and the employer and insurance carrier appealed from such decision to the Circuit Court. The Circuit Court affirmed the findings of the Commission as to the disability of the respondent and its connection with her employment, but remanded the case to the Commission for further and more specific findings of fact relative to the timeliness of the giving of notice and filing of respondent's claim, taking the position that the Commission had failed to make essential specific findings of fact relative thereto. The employer and insurance carrier have appealed from the order of the lower court remanding the case to the Commission. It is the position of appellants that the award of the Commission made adequate findings of fact in regard to all issues and that under such findings and the facts it clearly appears that respondent failed to comply with the foregoing statutory provisions relative to notice and filing of her claim.

The issue to be decided in this appeal is whether or not the lower court erred in remanding the case to the Industrial Commission for further and more specific findings of fact relative to the timeliness of the notice and filing of respondent's claim for benefits.

The respondent was employed by the appellant Raybestos-Manhattan Company for a period of approximately thirty years, being discharged from such employment on or about

March 23, 1954. In April, 1958, about four years later, she concluded that she had some serious ailment and consulted a specialist in internal medicine. As a result of a thorough physical examination, including the review of $x$-ray films made of her chest in 1952 while employed by appellant, the physician concluded that she was totally disabled from the disease known as asbestosis which had its inception in her employment with the appellant. Upon then being informed by the physician of her condition and the nature of the disease from which she was suffering, claim was filed with the Industrial Commission on November 18, 1958 for benefits under the Workmen's Compensation Act for total and permanent disability resulting from such occupational disease. The record does not show the date when the physician notified respondent of the nature of the disease from which she was suffering. The only written notice of the claim of respondent was that filed with the Industrial Commission on November 18, 1958, approximately four years and eight months after she last worked for the appellant. It is this fact which is the basis for the contention of the appellant that respondent's claim is barred for failure to give the notice and file the claim as required by Sections 72-301 and 72-303 of the Code.

To determine the necessity for remand of the case for further factual findings by the Commission, it is necessary to first determine the limitations placed by the law upon the filing of claims in occupational disease cases.

Section 72-301 of the Code provides that every injured employee or his representative shall immediately on the occurrence of an accident or as soon thereafter as practicable give to the employer a written notice thereof, unless it can be shown that the employer had knowledge of the accident, or that the giving of such notice was excused by conditions not here applicable. This section then contains the provision that "no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the

satisfaction of the Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby."

Section 72-303 provides that the right to benefits under the Workmen's Compensation Act "shall be forever barred unless a claim is filed with the Commission within one year after the accident."

Sections 72-251 through 72-269 of the 1952 Code of Laws relate to compensation under the Workmen's Compensation Act for occupational diseases. The sections pertinent to our inquiry were recently set forth in the case of *Glenn v. Columbia Silica Sand Co.*, 236 S. C. 13, 112 S. E. (2d) 711 and will not be repeated in full here. However, Section 72-253 provides that "disablement or death of an employee resulting from an occupational disease shall be treated as an injury by accident and the employee, or in case of death his dependents, shall be entitled to compensation as for an injury under this Title," etc.

Section 72-255 deals with pulmonary diseases, such as was contracted by the respondent, and is as follows: "No compensation shall be payable for any pulmonary disease arising out of the inhalation of organic or inorganic dusts unless the claimant shall have been exposed thereto by his employment for a period of at least one year and unless he suffers a total disability therefrom."

In the *Glenn case* it was held that the Code provisions relating to occupational diseases must be construed together, and in relation to other provisions of the Workmen's Compensation Act which deal with compensation for disability or death resulting from accident arising out of and in the course of the employment. And in that case the Court said: "So construing them we conclude that in occupational disease cases compensability accrues when disability (in case of pulmonary disease arising out of the inhalation of organic or inorganic dust, total disability) or death occurs."

The respondent was suffering from a pulmonary disease which arose out of and in the course of her employment and

compensability, therefore, accrued when she became totally disabled.

However, the date of the accrual of compensability does not necessarily establish the date when the statute of limitations for the giving of notice or the filing of a claim begins to run in such cases. While our statutes, Sections 72-301 and 72-303, date the running of the limitation period from the "accident", such term as used in reference to occupational disease means, as we have pointed out above, "disablement" from such disease and, in case of a pulmonary disease as here involved, "total disability". In determining the occurrence of disability in occupational disease cases we are dealing usually with a period of time over which the disease progresses to the point of disablement. An employee may contract the disease from exposure in his employment and for a long time not know that he has it. Usually diagnosis can only be made by a physician and diagnosis, even by a physician, in many instances is most difficult and delayed. It is because of this latent character of the disease and the inability of the employee to diagnose and appreciate the nature and character of his illness that many courts have adopted the rule that the limitation periods prescribed in Workmen's Compensation Acts, in occupational disease cases, for notice to the employer and for the filing of a claim for compensation begin to run when the disease has culminated in disability *and* when the claimant by reasonable diligence could have discovered that his condition was a compensable one. Quoted with approval in the *Glenn case* is the following from Larson's Workmen's Compensation Law, Volume 2, Section 95.21:

"Occupational disease cases typically show a long history of exposure without actual disability, culminating in the enforced cessation of work on a definite date. In the search for an identifiable instant in time which can perform such necessary functions as to start claim periods running, establish claimant's right to benefits, and fix the employer and insurer liable for compensation, the date of disability has been

found the most satisfactory. Legally, it is the moment at which the right to benefits acccrues; *as to limitations, it is the moment at which in most instances the claimant ought to know he has a compensable claim; * * *.*" (Emphasis added.)

Section 78.41 and 78.52, Vol. 2 of Larson's Workmen's Compensation Law, and the cases therein cited, also deal with the question here involved. In Section 78.52, Professor Larson concludes that the best rule in occupational disease cases is that which starts the limitation periods to run from the time "when the disease has culminated in disability *and* when by reasonable diligence the claimant could have discovered that his condition was a compensable one". The same conclusion was reached by the annotator in 11 A. L. R. (2d) 297, 302, where cases dealing with the subject are collected.

The foregoing accords with our view of a proper interpretation of our statutes and the beneficent purposes for which they were enacted.

In determining the propriety of remand, the question of the power of the court to remand is involved.

With reference to matters in dispute before the Commission, Section 72-354 of the Code provides that the Commission shall hear the parties at issue and file an award, "together with a statement of the findings of fact, rulings of law and other matters pertinent to the questions at issue". The duty to determine the factual issues is placed solely on the Commission, and neither this Court, nor the Circuit Court, has authority to determine factual issues, except in jurisdictional matters. This duty on the part of the Commission requires that, not only must findings of fact be made upon the essential factual issues, but that they be sufficiently definite and detailed to enable the appellate court to properly determine whether the findings of fact are supported by the evidence and whether the law has been properly applied to those findings. 58 Am. Jur. 878, Section 472. And

"where there is a noncompliance by a compensation tribunal with the requirement of express findings of fact in support of its award, the award will be reversed by the courts, and the cause remanded to the tribunal, in order that it may conform to the requirement, either with or without a new hearing of the parties, as the exigencies of a case may be." 58 Am. Jur. 879, Section 476. Annotation: 146 A. L. R. 123, 197.

We have followed the foregoing rule in cases where there was a failure to make findings of fact by the Commission or the findings made were lacking in sufficient definiteness. *Gray v. Laurens Mill et al.,* 231 S. C. 488, 99 S. E. (2d) 36; *Harpe v. Kline Iron & Metal Works et al.,* 219 S. C. 527, 66 S. E. (2d) 30; *Dameron v. Spartan Mills et al.,* 211 S. C. 217, 44 S. E. (2d) 465; *Shillinglaw v. Springs Cotton Mills et al.,* 209 S. C. 379, 40 S. E. (2d) 502. In the *Gray case,* it was stated that "the Commission should 'make such specific and definite findings upon the evidence reported as will enable this court to determine whether the general finding or conclusion should stand, particularly when there are material facts at issue.' "

The remand of this case for further findings of fact was apparently done on the lower court's own motion. This is proper, where the Commission has failed to make essential findings of fact, or the findings made are so indefinite or general as to afford no reasonable basis upon which the appellate court can determine whether the findings of fact are supported by the evidence and whether the law has been properly applied to those findings. To hold otherwise would in such cases make the determination of the rights of the parties turn upon the neglect of the Commission to make essential findings of fact, or require the appellate court to make the omitted findings of fact which our statute forbids. While the question was not at issue, the remand in the cited cases of *Gray, Harpe* and *Dameron* was apparently made on the court's own motion after concluding that the Commission had failed to make essential or specific findings of fact.

The appellant contends, however, that the lower court erred in considering the question of remand for failure of the Commission to make factual findings relative to the timeliness of the filing of notice and claim by respondent, because such question was not before the Commission and was not made the basis of exceptions on appeal to the Circuit Court. Appellant relies upon the rule announced in such cases as *Wall v. C. Y. Thomason Company*, 232 S. C. 153, 101 S. E. (2d) 286 to the effect that "appeal to the court of common pleas from the Commission's award is governed by the same principles that apply in ordinary civil actions, Code, Section 72-356, and that court can consider only matters that were before the Commission and as to which error has been specifically assigned." We adhere to this principle of law. Appellant raised in the lower court, by its exceptions to the award of the Commission, the question of the sufficiency of the evidence to sustain the conclusion of the Commission that respondent had timely filed her claim and that she became aware of her condition in April, 1958. The lower court in remanding the case to the Commission for further factual findings did not raise issues which were not presented by appellant's exceptions, but simply required the Commission to make specific factual findings on the issues raised, so as to enable the court to properly determine the questions presented by appellant's exceptions. This is not the raising of a new question on appeal, but the exercise by the court of its inherent power to remand a case, in the interest of justice, to the fact finding body for the purpose of making essential factual findings, so that litigation may be disposed of in accordance with the principles of law governing the decision of factual issues.

The question then is whether remand in this case was proper under the facts.

After hearing the testimony, the Hearing Commissioner filed his "Opinion and Award" in favor of the respondent. His decision was affirmed and adopted by the Full Commission in a formal order. This opinion and award of the Com-

mission is divided into four sections, designated in the award as follows: "Statement of the Case", "Findings of Fact", "Conclusions of Law", and "Award".

"The 'statement of the Case' recites that one of the issues to be determined is whether or not notice of respondent's condition and claim thereunder was timely and properly filed, as required under the terms and provisions of the Workmen's Compensation Act. The statement of the case is brief and contains no recital or treatment of any fact relevant to the foregoing issue. Under the "Findings of Fact" it was found:

"(4) That the claimant, Mamie Drake, became aware of her pulmonary condition in April, 1958, when being so informed by competent medical authority.

"(5) That claim for benefits arising under the Occupational Disease Section of the law was duly filed within the time prescribed by law controlling Occupational Diseases."

The pertinent portion of the decision of the Commission under "Award" was as follows:

"IT IS ORDERED that the defendants shall pay to the claimant, Mamie Drake, compensation at the compensable rate of Twenty-three and .01/100 Dollars ($23.01) per week for a period of five hundred (500) weeks from the date of March 23, 1954, the date claimant last worked for the defendant employer, for total and permanent disability sustained as a result of contracting a pulmonary disease arising out of and in the course of her employment."

Involved before the Commission was the question of compliance by the respondent with both, when construed with the occupational disease statutes, Section 72-301, requiring notice of her disability to be given to the appellant within thirty days after her disablement, and Section 72-303, requiring claim to be filed within one year after such disablement. Findings of fact as to her compliance with both statutory requirements were necessary. In accordance with our holding herein, it was necessary, in determining

compliance with both sections, that the Commission make a definite finding as to the time when the respondent's total disability began, and as to the time when she by reasonable diligence should have discovered that her condition was a compensable one. On these issues there appears only the general finding that claim was duly filed and that the respondent became aware of her condition in April, 1958 when so informed by the physician. The finding that respondent became aware of her condition in April, 1958 is not a finding that by reasonable diligence she should have discovered her condition before that time. Neither is the general finding, that her claim "was duly filed", sufficient, because, to determine whether it was duly filed, it is necessary to know the date of disablement and the time when by reasonable diligence the condition should have been discovered.

Additionally, under the record now before us, consideration of the issue of respondent's compliance with Section 72-301 required a factual determination of (1) whether the written notice therein required was given within the thirty day period and, if not, (2) whether the failure to give such notice within the statutory period was excusable, and (3) whether the employer was prejudiced by the failure to give such required notice. Nowhere in the opinion and award of the Commission has any finding of fact been made on any of the foregoing questions, although compliance with such statute was a vital issue in the case. As stated in *Harpe v. Kline Iron & Metal Works et al., supra,* 219 S. C. 527, 66 S. E. (2d) 30, "a direct and positive ruling by said Commission thereabout is necessary, it being made the fact finding body or agency as to such defense."

The appellant argues however that, by making the award effective from March 23, 1954, the date respondent last worked for the appellant, the Commission in effect decided that total disability began on that date. There was no express finding as to the date when total disability began. The effect of the position of the appellant is to ask this Court to imply a finding by the Commission that the respondent became

totally disabled on March 23, 1954 from the fact that disability benefits were awarded from that date.

The courts have reached various results in dealing with the question of when and under what circumstances, in the absence of express findings, implied findings of fact will be indulged to sustain an award of the Commission in Workmen's Compensation cases. See: Annotations in 146 A. L. R. 123 and 209, *et seq.*, 58 Am. Jur., Workmen's Compensation, Section 462, *et seq.* A specific rule is difficult to formulate.

This Court supplied the lack of express findings of fact by the Commission by implication from the record in the cases of *Cole v. State Highway Department,* 190 S. C. 142, 2 S. E. (2d) 490 and *Dameron v. Spartan Mills· et al., supra,* 211 S. C. 217, 44 S. E. (2d) 465. In those cases an assessment of costs was made for unreasonably defending the claim, as permitted by Section 72-358 of the 1952 Code of Laws. The Court held that the award of costs against the defendant was evidence that the Commission had made a finding of fact to support it. In doing so, however, it was pointed out in both cases that the record contained ample evidence to sustain such assessment of costs. In the *Dameron case,* other issues were at the same time remanded to the Commission for further findings of fact.

While in the *Cole* and *Dameron cases* the award was held to be evidence of factual findings by the Commission to support it, such is not conclusive and, whether or not remand to the Commission for express findings of fact is proper depends upon the facts of the particular case. The issue in the foregoing cases concerned the assessment of costs and did not, as here, involve the basic questions of liability for compensation. Those cases held that under the particular circumstances no express findings of fact were necessary.

We will not, however, to support an award of the Commission, imply a finding of fact as to the basic issues of liability for compensation, where, to do so,

would impose upon this Court the function of determining such facts from conflicting evidence. We have difficulty in this case in determining from the record the actual date when total disability of the respondent began. The record discloses that, after the respondent was discharged by the appellant on March 23, 1954, she made efforts to secure employment and drew on two occasions unemployment compensation benefits, from which inferences could be drawn inconsistent with a claim for total disability for the same period. This issue could vitally affect ultimate liability in the case. It is one upon which the Commission is required to make an express finding of fact. The failure to do so requires that the case be remanded to the Commission for such finding.

The order of the lower court remanding the case to the Industrial Commission is accordingly affirmed.

We have purposely refrained from a recital of the facts, except as necessary for this decision, and indicate no opinion as to the conclusions to be drawn therefrom. Those are matters left under the law for determination by the Commission, which is the basic reason for affirmance of the order of the lower court.

Affirmed.

TAYLOR, C. J., and MOSS and BRAILSFORD, JJ., concur.

BUSSEY, J., disqualified.