245 S.C. 229 (1965)
139 S.E.2d 911
ATLANTIC COAST LINE RAILROAD COMPANY, Appellant,
v.
SOUTH CAROLINA PUBLIC SERVICE COMMISSION, Respondent.
18293
Supreme Court of South Carolina.
January 13, 1965.
*230 Messrs. McKay, McKay, Black & Walker, of Columbia, and David E. Wells and Phil C. Beverly, of Jacksonville, Florida, for Appellant.
*231 Messrs. Daniel R. McLeod, Attorney General, and Harry M. Lightsey, Jr., Assistant Attorney General, of Columbia, for Respondent.
Messrs. McKay, McKay, Black & Walker, of Columbia, and David E. Wells and Phil C. Beverly, of Jacksonville, Florida, for Appellant, in Reply.
*232 January 13, 1965.
TAYLOR, Chief Justice:
This is an appeal from an Order of the Honorable John Grimball affirming the actions of the South Carolina Public Service Commission (hereinafter referred to as the Commission) in granting to the applicant, Dangerous Materials Disposal Co., Inc., of Charleston, South Carolina, a Class E. Certificate of Public Convenience and Necessity to transport by motor vehicle radioactive materials in intrastate commerce.
Application was made to the Commission on February 20, 1962. After two hearings thereon, the Commission on June 28, 1962, issued its Order granting the requested Certificate to applicant. Several motor carriers and the Atlantic Coast Line Railroad Company, Appellant herein, appeared in protest. Petition for reconsideration was denied by the Commission's Order, July 25, 1962.
On August 16, 1962, a rule to show cause with summons and complaint, later amended, was served seeking to set aside the Commission's Order. Returns were duly filed by the Commission and the issues joined. After Judge Grimball issued his Order affirming the Commission, notice of intention to appeal to this Court was filed.
Appellant contends that the Motor Carrier Certification Law contained in Section 58-1401 et seq., is unconstitutional in that said Statutes are alleged to be an invalid delegation of legislative power since they do not outline specific elements of proof or standards for the Commission to follow in the exercise of its jurisdiction.
Legislative enactments are presumed to be constitutional, and the Courts should not declare such Acts unconstitutional unless its invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution. Cox v. Bates, 237 S.C. 198, 116 S.E. (2d) 828; McElveen v. Stokes, 240 S.C. 1, *233 124 S.E. (2d) 592; Ellison v. Cass, 241 S.C. 96, 127 S.E. (2d) 206.
It must be conceded that the State, through the exercise if its legislative or administrative function, has the power to limit, control and regulate the use of highways and streets in the exercise of its police power whenever and to the extent necessary to provide for and promote the public health, safety, morals or general welfare. 25 Am. Jur., Highways, Sec. 253, p. 544; 40 C.J.S., Highways, § 232, p. 240.
The question of the constitutionality of Act No. 170 of the Acts of April 8, 1925, 34 St. at L. 252, incorporated in Chapter 13 of Title 58 of the Code of Laws of South Carolina, 1962, together with certain amendments has not heretofore been passed upon by this Court; however, in State ex rel. Coney v. Hicklin, 168 S.C. 440, 167 S.E. 674, the Act, together with certain amendments thereto, was challenged with respect to the various classifications, and certain exemptions thereto, the right of the Commission to regulate rates and charge for license fees. The Court, in upholding the Statutes, notes that neither the due process nor the equal protection clauses of the Constitution were violated.
Appellant strongly relies upon South Carolina State Highway Department v. Harbin, et al., 226 S.C. 585, 86 S.E. (2d) 466, wherein this Court held that legislation authorining the Highway Department to suspend or revoke a driver's license "for cause satisfactory," was an unconstitutional delegation of legislative power. Reference to the Harbin case reveals that in arriving at its decision the Court used the following language:
"The question of delegation of legislative power has confronted the courts with many perplexing problems, particularly during recent years when the complexities of government have been constantly on the increase. It is well settled that while the legislature may not delegate its power to make laws, in enacting a law complete in itself, it may authorize an *234 administrative agency or board 'to fill up the details' by prescribing rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. Davis v. Query, 209 S.C. 41, 39 S.E. (2d) 117; State v. Taylor, 223 S.C. 526, 77 S.E. (2d) 195, and cases therein cited. `However, it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative officer or body must conform, with a proper regard for the protection of the public interests and with such degree of certainty as the nature of the case permits, and enjoin a procedure under which, by appeal or otherwise, both public interests and private rights shall have due consideration' State v. Stoddard, 126 Conn. 623, 13 A. (2d) 586, 588.
"The difficulty is in the application of these general principles, for there is no fixed formula for determining the powers which must be exercised by the legislature itself and those which may be delegated to an administrative agency. The degree to which a legislative body must specify its policies and standards in order that the administrative authority granted may not be an unconstitutional delegation of its own legislative power is not capable of precise definition. `There are many instances where it is impossible or impracticable to lay down criteria or standards without destroying the flexibility necessary to enable the administrative officers to carry out the legislative will; especially may such a contingency arise when the discretion conferred relates to police regulations.' Matz v. J.L. Curtis Cartage Co., 132 Ohio St. 271, 7 N.E. (2d) 220, 225."
In Cole v. Manning, 240 S.C. 260, 125 S.E. (2d) 621, we find: "* * * `it is apparent from consideration of the numerous cases on the subject, that the degree of authority that may lawfully be delegated to an administrative agency must in large measure depend upon such circumstances, including the legislative policy as declared in the statute, the *235 objective to be accomplished, and the nature of the agency's field of operation.
"`It is well settled that it is not always necessary that statutes and ordinances prescribe a specific rule of action. On the other hand, some situations require the vesting of some discretion in public officials, as, for instance, where it is difficult or impracticable to lay down a definite, comprehensive rule or the discretion relates to the administration of a police regulation and is necessary to protect the public morals, health, safety and general welfare.' 11 Am. Jur., Constitutional Law, Section 234, at page 948."
In 2 Am. Jur. (2d), Administrative Law, Sections 191 and 192, pp. 22 and 23, it is said that "Discretionary powers in the administration of the law may lawfully be vested in large measure in administrative agencies, but arbitrary power or uncontrolled discretion is generally precluded. While the right to exercise discretion is frequently expressly conferred, the duties of administrative agencies necessarily include the right to exercise discretion. * * * Administrative discretion can be exercised only within the scope of an agency's express or implied powers and in accordance with the standards prescribed by statute or ordinance." Hodge v. Pollock, 223 S.C. 342, 75 S.E. (2d) 752.
In the Harbin case, supra, 226 S.C. 585, 86 S.E. (2d) 466, the legislation provided that the Highway Department exercise its discretionary power "for cause satisfactory" whereas in instant case the Commission may grant the various certificates "when the public convenience and necessity * * * are not already being reasonably served * * *."
The requirement of the determination of "public convenience and necessity" in our opinion does not repose in the Commission an unregulated and undefined discretion in exercising the powers granted by the Statute, but rather such a test sufficiently limits the Commission's discretion in administering the provisions of the Statute. The United States Supreme Court in Federal Radio Commission v. Nelson *236 Bros., 289 U.S. 266, 53 S.Ct. 627, 77 L.Ed. 1166, uses the following language which is apropo here: "In granting licenses the commission is required to act as `public convenience, interest or necessity requires.' This criterion is not to be interpreted as setting up a standard so indefinite as to confer an unlimited power." See also National Broadcasting Co. v. United States, 319 U.S. 190, 63 S.Ct. 997, 87 L.Ed. 1344.
Appellant also contends the lower Court erred in 5-10 refusing to set aside the Commission's decision in that the Commission failed to make sufficient findings of fact and that there is an alleged lack of substantial evidence in the record to support said Order.
In Long Motor Lines v. South Carolina Public Service Commission, 233 S.C. 67, 103 S.E. (2d) 762, the Appellant contended that the Commission failed to make specific findings of fact and this Court said: "* * * it would be better practice for the Commission to make specific findings on the issues involved, even though there is no statute requiring any such findings in orders made by the Public Service Commission relative to certificates of public convenience and necessity for motor carriers."
Appellant relies upon Drake v. Raybestos-Manhattan, Inc., 241 S.C. 116, 127 S.E. (2d) 288, for the proposition that an administrative agency is required to make full and adequate findings of fact in order to serve as a predicate for judicial review. The Drake case, however, is a Workmen's Compensation case and the Industrial Commission is required by Section 72-354, Code of Laws of South Carolina, 1962, to make such findings. In instant case, there is no such statutory requirement; neither is there a constitutional requirement. Specific findings of fact by the Public Service Commission are preferable but not required, and we must consider this case in the light of the principle that Orders of the commission on matters of this sort are presumed to be valid and will not be set aside unless shown to be arbitrary *237 in the sense that no two reasonable men could differ thereabout. Pee Dee Electric Cooperative, Inc. v. Public Service Commission, 229 S.C. 155, 92 S.E. (2d) 171; BeardLaney, Inc. v. Darby, 213 S.C. 380, 49 S.E. (2d) 564; State ex rel. Daniel v. Broad River Power Company, 157 S.C. 1, 153 S.E. 537; State ex rel. Public Service Comm. v. Atlantic Coast Line Railroad Company, 222 S.C. 266, 72 S.E. (2d) 438; Atlantic Coast Line Railroad Company v. Public Service Commission, 225 S.C. 196, 81 S.E. (2d) 357; Atlantic Coast Line Railroad Company v. Public Service Commission, 226 S.C. 136, 84 S.E. (2d) 132.
A Commission's order, made pursuant to legislative authority or in the exercise of the police powers of the State is subject to judicial correction only insofar as it might be held, as a matter of law, to embody arbitrary or capricious action. Bluefield Telephone Co. v. Public Service Commission, 102 W. Va. 296, 135 S.E. 833; Annotation 79 L. Ed. 967. The exercise by a state of its police powers will not be interfered with by the Courts unless such exercise is of an arbitrary nature having no reasonable relation to the execution of lawful purposes. Jones v. City of Portland, 245 U.S. 217, 38 S.Ct. 112, 62 L.Ed. 252, L.R.A. 1918C, 765. A Court cannot substitute its judgment for that of a Public Service Commission where there is room for a difference of intelligent opinion and will not set aside an order of a Public Service Commission merely upon the premise that the Commission acted unwisely. Simpson v. Shepard (Minnesota Rate Cases), 230 U.S. 352, 33 S.Ct. 729, 57 L.Ed. 1511, 48 L.R.A., N.S., 1151; Southern Pac. Co. v. Campbell, 230 U.S. 537, 33 S.Ct. 1027, 57 L.Ed. 1610; 43 Am. Jur. 721, Sec. 225, Public Utilities and Services.
The record discloses that no other motor carrier is certified to transport this particular type of shipment and that such radioactive materials are not within the definition of commodities in general and cannot be transported in intrastate commerce by any existing certificate holder. At the time *238 of the hearing before the Commission, no present need for the service was shown; however, evidence was introduced showing an anticipated need for such services by the nuclear generating plant at Parr Shoals, by nuclear powered vessels requiring overhauls at Charleston and transportation of power cells between such port and the Atomic Energy Plant at Aiken and the requirement of such shipments between hospitals and scientific laboratories and the Aiken Plant. Further, the port of Charleston was the first port cleared for the handling of radioactive materials.
It is contended that the Commission did not have sufficient evidence to determine that "the public convenience and necessity in such territory are not already being reasonably served by some other certificate holder." As the service proposed in this case is substantially a new or prospective service, the adequacy or inadequacy of existing service does not have its usual significance. As there is no existing service, present service cannot be deemed adequate.
In the light of the above, it cannot be said, as a matter of law, that the Commission's Order was arbitrary or capricious, but, rather, we find it reasonable and amply supported by the evidence.
The exceptions are overruled and the Order appealed from affirmed; and it is so ordered. Affirmed.
MOSS, LEWIS, BUSSEY and BRAILSFORD, JJ., concur.