WORLD COLOR PRESS, Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.* (Peggy Payne, Appellee).

Fifth District (Industrial Commission Division)   No. 5—84—0102WC

Opinion filed June 7, 1984.

James M. Gallen, of Evans & Dixon, of St. Louis, Missouri, for appellant.

Mark E. Ferguson, of Harlan Heller, Ltd., of Mattoon, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

This appeal questions whether an employer who has made erroneous overpayments of temporary total disability to an injured employee is entitled to credit the overpayment against the total award under section 8(j) of the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(j)). The credit was denied by the Industrial Commission, the circuit court confirmed, and the employer appeals.

The claimant, Peggy Payne, suffered a work-related injury in September 1979, while employed by World Color Press. The arbitrator awarded her $138.07 per week for temporary total disability and gave the employer full credit for the amount already paid. The Commission reduced the weekly award, finding a lesser average weekly wage base than claimed. Although no contention had been made by the employee, the Commission *sua sponte* held that World Color Press was "not entitled to credit against future compensation payments or overpayment of temporary total disability weekly compensation."

## I

Preliminarily, we conclude that the claimant's contention that the issue has been waived lacks merit. The parties stipulated to the amount of the prior compensation payments. There was no issue before either the arbitrator or the Commission as to overpayment, which had apparently not been then discovered. The basis of the Commission's *sua sponte* denial of a credit was not the failure of the employer to request a credit but the Commission's interpretation of the statute.

Cases cited by the claimant from other jurisdictions in which waiver has been found are inapposite. *Hawley-McIsaacs Coal Co. v. Grant* (1930), 235 Ky. 650, 32 S.W.2d 35, and *Black Mountain Corp. v. Swift* (1931), 241 Ky. 333, 43 S.W.2d 1008, involved employers who failed to apply for a credit although they knew that the right to one existed, and their application for a credit on appeal under the Kentucky law required the introduction of new evidence. In *Wall v. C. Y. Thomason Co.* (1957), 232 S.C. 153, 101 S.E.2d 286, the employer sought to assert its right to a credit after the award of compensation benefits became final for failure to timely appeal.

## II

On the merits, we conclude that the governing statute does not deny credit to an employer for overpayment of temporary total disability payments.

Section 8(j) of the Act provides, as pertinent:

"(j) 1. In the event the injured employee receives benefits, including medical, surgical or hospital benefits under any group plan covering non-occupational disabilities contributed to wholly or partially by the employer, which benefits should not have been payable if any rights of recovery existed under this Act, then such amounts so paid to the employee from any such group plan as shall be consistent with, and limited to, the provisions of Paragraph 2 hereof, shall be credited to or against any compensation payment for temporary total incapacity for work or any medical, surgical or hospital benefits made or to be made under this Act. *** This paragraph does not apply to payments made under any group plan which would have been payable irrespective of an accidental injury under this Act. Any employer receiving such credit shall keep such employee safe and harmless from any and all claims or liabilities that may be made against him by reason of having received such payments only to the extent of such credit.

2. Nothing contained in this Act shall be construed to give the employer or the insurance carrier the right to credit for any benefits or payments received by the employee other than compensation payments provided by this Act, and where the employee receives payments other than compensation payments, whether as full or partial salary, group insurance benefits, bonuses, annuities or any other payments, the employer or insurance carrier shall receive credit for each such payment only to the extent of the compensation that would have been payable during the period covered by such payment." Ill. Rev. Stat. 1983, ch. 48, par. 138.8(j).

■ We preface our analysis by noting that the right to credits, which operates as an exception to liability created under the Workers' Compensation Act, is narrowly construed. (*Freeman United Coal Mining Co. v. Industrial Com.* (1984), 99 Ill. 2d 487, 496.) Section 8(j) in clear language expressly exempts compensation payments from the prohibition against credits to an employer. The statute clearly credits the employer with any payments made by the employer as compensation payments. The statute cannot reasonably be read to exclude credit for overpayment, or to give to the employee a greater amount

of compensation than is awarded under the Act. Section 8(j), reading subparagraphs 1 and 2 together, evinces the legislative intent that an employee receive only benefits to compensate him or her for the injuries suffered and the resulting consequences. Applying the strictest construction, we find no evidence of a legislative intent to deny a credit for the overpayment, in error, of temporary total disability.

Other jurisdictions have also found that employers may generally recover excessive payments made by mistake. See *Wilson Food Corp. v. Cherry* (Iowa 1982), 315 N.W.2d 756, 757; *State ex rel. Weimer v. Industrial Com.* (1980), 62 Ohio St. 2d 159, 165, 404 N.E.2d 149, 151; *Jones v. Crenshaw* (Tenn. 1983), 645 S.W.2d 238, 241.

The argument is made that it is unfair to recoup overpayments which an employee may have used to replace income while he or she has been unable to work. Further, that requiring repayment would cause an injured employee to be hesitant to spend benefits received during the temporary period out of fear that the employer would require repayment of the overpayment in the future. However, interpreting the statute so as to hold the employer to administrative exactness in its payment prior to adjudication, and denying it the right to recoup any excess payment it may later discover, could frustrate a primary purpose of the Act, to provide prompt payment to the employee.

It should be noted that the employer here is not seeking direct recoupment of the overpayments made but merely seeks to credit the amount of its overpayment from the balance of the total award. The claimant will receive the total amount to which she is legally entitled. Whether the statute should be amended to provide for consideration of the inconvenience or prejudice to a particular recipient of an erroneous overpayment is properly a matter for the legislature.

The judgment of the circuit court of Marion County confirming the award of temporary total disability by the Commission is affirmed; that portion of the judgment of the circuit court which held that World Color Press is not entitled to credit against future compensation payments for overpayment of temporary total disability weekly compensation is vacated. The cause is remanded to the Industrial Commission with directions to credit all compensation paid, in accordance with this opinion.

Affirmed in part; vacated and remanded in part.

McNAMARA, BARRY, WEBBER, and KASSERMAN, JJ., concur.