227 S.C. 232 (1955)
87 S.E.2d 640
EDWIN H. POOLE, Appellant,
v.
E.I. DuPONT DE NEMOURS & COMPANY, and EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, Respondents.
17006
Supreme Court of South Carolina.
May 26, 1955.
*233 Messrs. Henry H. Edens and Henry Hammer, of Columbia, for Appellant.
Messrs. Whaley & McCutchen and Hoover C. Blanton, of Columbia, for Respondents.
*234 May 26, 1955.
J. WOODROW LEWIS, Acting Associate Justice.
This is an appeal by the claimant-appellant, Edwin H. Poole, from an order of the Circuit Court reversing an award of the Industrial Commission previously granted in his favor. The commission made an award to the Claimant for disability and also for bodily disfigurement. Upon appeal to the Circuit Court by the employer and carrier, the award of the commission was reversed on the ground that the claimant had not filed his claim with the commission within one year after the accident as required by Section 72-303, of the 1952 Code of Laws. This section provides: "The right to compensation under this act shall be forever barred unless a claim is filed with the Commission within one year after the accident * * *."
The commission in awarding compensation to the claimant held that the respondents had waived or were estopped to assert the one year limitation for the filing of the claim. While the respondents contend that there was no such finding by the commission, a careful examination of the record discloses that such finding was in effect made and certainly so treated by the Circuit Court in passing on the matter. The Circuit Court held that there was insufficient evidence to support such finding by the commission and reversed the award on that ground. The sole question presented by the exceptions of the appellant for determination is whether the Circuit Court erred in holding that there was *235 insufficient evidence in the case to sustain the findings of the commission as to waiver or estoppel. The respondents have filed additional sustaining grounds which will be later discussed.
The claimant suffered an injury on November 13, 1951, but claim was not filed with the commission until April 11, 1953, more than one year after the accident. Since the claim was not filed within one year after the accident, the claimant would be barred of compensation unless there was shown waiver or estoppel on the part of the respondents to assert the one year limitation. It is now well settled that compliance with the aforementioned statute may be waived by the employer and its insurance carrier or they may become estopped by their conduct from asserting the statute as a defense. Young v. Sonoco Products Company, 210 S.C. 146, 41 S.E. (2d) 860. An examination of the decisions of this Court dealing with this question will reveal an adherence to the general principle that waiver or estoppel will arise from conduct on the part of the employer or carrier from which it may be reasonably inferred that the claimant was misled or deceived, whether intentionally or not, and thereby failed to file his claim within the year after the accident.
The overwhelming preponderance of the evidence before the Industrial Commission in the case at bar amply justified its conclusion that respondents waived, or are estopped to assert, the defense of the statutory limitation. The claimant suffered an injury to his back arising out of and in the course of his employment on November 13, 1951. He immediately reported his injury and was sent to the first aid station maintained by the employer where he was given treatment for his back injury. From the date of the accident to December 24, 1952, the claimant reported regularly for work but, as he testified, did practically no work because of his injury. While on the job he reported regularly to the first aid station for treatment for his back injury and at one time was referred by the medical department of the employer to *236 a specialist for treatment. This treatment necessitated claimant wearing a plaster of paris cast for his back for approximately three weeks during which time he reported for work each day.
The claimant was furnished medical services by the employer and was paid his regular wages from the date of the accident until December 24, 1952, at which time claimant stopped reporting for work and sought medical aid at his own expense, undergoing an operation on December 30, 1952 for the removal of a disc protrusion and the fusion of his spine with a bone graft from his pelvis.
For a period of three months after December 24, 1952 the claimant was paid a disability wage equivalent to his regular wages less overtime. These disability wage payments are made gratuitously by the employer for a maximum period of three months without contribution by the employee to the fund. As stated in respondents' brief the disability wage payments were paid under a general plan of the employer and were "full wages paid to an employee who became disabled for any reason, whether because of injury, sickness or otherwise and whether incurred during the course of his employment or not." These payments are not "insurance nor workmen's compensation." The claimant testified that he was not familiar with the disability wage plan of the employer. He just knew "they was disability." About the time that the disability wage payments were stopped during the latter part of March, 1953, the claimant contacted a representative of the employer and was referred to the Industrial Commission. His claim was filed shortly thereafter on April 11, 1953.
The claim of the claimant was filed approximately seventeen months after the accident. He was furnished medical services by the employer from the date of the accident until December 24, 1952, a period of approximately thirteen months. During this time he testified that he did practically no work because of his physical condition *237 and was regularly reporting to his employer for treatment of his injury. The claimant was paid his regular wages from the date of the accident to the latter part of March, 1953, a period of approximately sixteen months, either as wages for time spent on the job or as disability wages. His claim was filed within one month from the last payment of disability wages and within approximately four months after the last medical services were furnished to the claimant. Under the evidence an issue of fact was presented as to whether the respondents had waived the filing of a claim within one year after the accident or were estopped to assert such statute of limitation. We think the course of conduct of the employer with regard to the injury of the claimant was such as to reasonably give rise to a belief on the part of the claimant that the employer had assumed responsibility for his injury and that the filing of a claim would be unnecessary. At least such is a reasonable inference to be drawn from the testimony. Therefore, the Circuit Court was in error in holding that there was insufficient evidence to support the findings of the commission as to waiver and/or estoppel.
The remaining questions arise under the respondents' additional sustaining grounds which they state in their brief as presenting the following questions:
(1) Is the appellant entitled to total disability compensation after June 22, 1953?
(2) Is the award of the Industrial Commission definite as to the amount of compensation awarded?
(3) Is the appellant entitled to payment of compensation for the thirteen weeks immediately following December 29, 1953?
With reference to the first question, the commission ordered the respondents to pay to the claimant temporary total disability from December 29, 1952 until February 23, 1954, the date of the final hearing before the Hearing Commissioner. Dr. Moore who performed the operation on claimant's back dismissed him on June 22, 1953. The respondents *238 contend that total disability payments should not extend beyond June 22, 1953, the date on which Dr. Moore dismissed the claimant from further treatment by him. Dr. Moore dismissed the claimant with instructions that, while he could possibly return to work, it was preferable that his work be limited to that of a lighter nature and that he should wait until one year after the operation before returning to regular work as overwork or strain could possibly undo some of the improvements that had already taken place. The medical testimony further showed that the claimant had reached maximum healing when examined shortly before the final hearing and had a permanent general disability of fifty (50%) per cent. The claimant testified that it was about nine months after his operation before he could do any work and this consisted of only supervisory work on his farm from which he received no earnings. He was wearing a brace at the time of the hearing. Upon examination shortly before the final hearing, he was complaining of constant pain in his back and could not get up and down very well because of pain.
It is difficult to determine with mathematical certainty the date of maximum healing. While Dr. Moore stated that the claimant could possibly return to work on June 22, 1953, his opinion was qualified as shown above. The determination of this question rests with the commission, and when the testimony of Dr. Moore is considered in connection with the other testimony we think that the findings of the commission thereabout find support in the evidence.
The respondents further question the award on the ground that it is indefinite as to the amount of compensation awarded. The commission awarded the claimant "compensation at the rate of sixty (60%) per cent. of the difference between his average weekly wage before the injury and the average weekly wage that he is able to earn thereafter." The award is in the words of the statute authorizing compensation for partial disability. Section 72-152, *239 of the 1952 Code of Laws. However, it does not state the exact amount to be paid. This must be determined by the commission. To this extent the award of the commission is indefinite and must be remanded to the commission to determine the amount of the weekly payments to be made thereunder.
Lastly, the respondents seek credit against the award for temporary total disability for the payments made to the claimant as disability wages. As stated above. disability wages were paid to the claimant for thirteen weeks immediately following December 29, 1952. They were made on the basis of the disability of the claimant, and were in effect a continuation of wage payments during a portion of the period of his disability. We are of the opinion that the award should be modified to exclude any payment of compensation for the thirteen weeks immediately following December 29, 1952, the period during which the employer paid disability wages to the claimant.
The order of the Circuit Court is, therefore, reversed, the award of the Industrial Commission affirmed as modified herein, and the case remanded to the Circuit Court with instructions that it in turn be remanded to the Industrial Commission for the purpose of determining the amount of weekly payments to be made under the award for the permanent partial disability, and rendering its award in accordance therewith; and it is so ordered.
STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.