17336

CLAUDE FRADY, Respondent, v. PACIFIC MILLS and LIBERTY MUTUAL INSURANCE COMPANY, Appellants

(99 S. E. (2d) 398)

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellants,*

*Messrs. Poliakoff & Poliakoff,* of Spartanburg, *for Respondent,*

July 30, 1957.

OXNER, Justice.

This is an appeal from an order of the Circuit Court remanding a workmen's compensation case to the Industrial Commission for the purpose of making definite findings of fact on certain issues.

On March 30, 1953, claimant, respondent here, sustained an injury by accident arising out of and in the course of his employment. He was furnished medical services and paid temporary total disability from March 30 to September 1, 1953, except for a short period when he was at work. Claim was made for further compensation and other benefits under the Workmen's Compensation Act, Code 1952, § 72-1 *et seq.* Upon denial of liability by the employer and carrier, a num-

ber of hearings were had before Commissioner Clayton. She retired as a member of the Industrial Commission before rendering an opinion and the case was assigned for decision to Commissioner Wideman. In due course Commissioner Wideman filed an opinion wherein she found that claimant had not sustained any serious bodily disfigurement as a result of the accident but had sustained a 25% "general total disability." She further found that his average weekly wage prior to the accident was $59.97 but made no finding as to what he earned after the accident. Her award was as follows:

"It is ordered that the defendants shall pay to the claimant, Claude Frady, temporary total disability at the compensable rate of Thirty-five Dollars ($35.00) per week for· the period September 2, 1953 to September 22, 1953.

"It is further ordered that the defendants shall pay to the claimant sixty per cent (60%) of the difference between. his average weekly wage before the injury and his average weekly wage which he has been able to earn after the injury, not to exceed $35.00 per week and not to exceed 300 weeks from the date of the injury, less the number of weeks that he has been paid temporary total."

The foregoing opinion and award was affirmed and adopted as the opinion and award of the full Commission. The employer and carrier appealed to the Circuit Court on numerous exceptions which may be briefly summarized as follows:

(1) That there was no evidence to sustain an award for temporary total disability from September 2 to September 22, 1953.

(2) That there was no evidence to sustain a finding of general partial disability.

(3) That the Commission erred in holding that claimant was entitled to any further compensation or benefits beyond that already paid and furnished.

(4) That the Commission erred in not applying the rule that the claimant was required to establish his case by the

preponderance of the evidence and in "giving the claimant the benefit of the doubt according to law."

(5) That if the claimant is entitled to any compensation beyond that already paid, it should be on the basis of 60% of the difference between $59.97, his average weekly wage at the time of the accident, and $52.00, the amount which the employer and carrier contend that he was able to earn thereafter, or $4.78 a week, and only for such period of time, not exceeding 300 weeks, that such period of partial disability continued.

(6) That since the Commission found that the general partial disability was 25%, claimant would in no event be entitled to more than 60% of 25% general partial disability, based on an average weekly wage of $59.97, making a compensable rate of approximately $9.00.

The Circuit Judge held that the evidence was conflicting as to whether claimant was totally disabled from September 2 to September 22, 1953, and as to whether he was partially disabled after the latter date. Questions 1, 2, and 3 above enumerated were accordingly decided adversely to the employer and carrier. With reference to Question 4, the Circuit Judge construed the language of the Commission as holding "that the evidence preponderated in favor of the claimant" but stated that inasmuch as the case must go back to the Commission, he was directing that body "to state in its finding of fact whether or not the evidence preponderates in favor of the claimant." He declined to pass upon Questions 5 and 6 because there had been no determination by the Commission as to what claimant was able to earn after the accident. He held under *Poole v. E. I. DuPont De Nemours & Co.,* 227 S. C. 232, 87 S. E. (2d) 640, 643, that the award as to partial disability was too indefinite. After concluding "that the Commission should have ruled as a matter of fact upon whether or not the claimant was totally temporarily disabled between September 2, 1953, and September 22, 1953, and should have determined as a matter of fact what amount the claimant was able to earn after the

injury", he remanded the case to the Industrial Commission for the purpose of making specific findings of fact upon these two issues.

Appellants' exceptions are summarized in their brief as follows:

"1. The Court should have held that respondent's compensable rate is $4.78 for general partial disability, and no occasion exists for remanding the case to the Industrial Commission.

"2. In any event in remanding the case to the Industrial Commission, the Court should have held that the amount of respondent's general partial disability, and compensation therefor, could not exceed 25%.

"3. The Industrial Commission erred in weighing the evidence and making its findings of fact by 'giving the claimant the benefit of the doubt' instead of following the 'preponderance of evidence' rule."

The award for partial disability in this case is couched in substantially the same language as that considered in *Poole v. E. I. DuPont De Nemours & Co., supra*. The Court held that it was indefinite in that it failed to state "the exact amount to be paid", and directed that the case be remanded to the Industrial Commission "for the purpose of determining the amount of weekly payments to be made under the award for the permanent partial disability." Appellants say that a remand was necessary in the *Poole case* because there were no findings by the Commission from which the Court could determine the compensable rate but that this situation does not exist in the instant case. It is argued that the undisputed evidence shows and the Commission found that at the time of the accident claimant earned $59.97 weekly and since the accident $52.00, which formed an adequate basis for fixing the compensation at the rate of $4.78 weekly, and that there was no necessity for remanding the case to the Industrial Commission. But nowhere in the opinion of Commissioner Wideman nor in the opinion of the full Commission is there a finding that claimant's average weekly wages

after the accident were $52.00. It is true that Commissioner Wideman in summarizing the evidence stated: "Mr. Frady testified that he has been earning around $52.00 a week since his accident." We do not construe this as a finding of fact that his post-accident earnings were in that amount. Moreover, the preposition "around" makes this a rather general estimate. Counsel for respondent states in his brief that the evidence shows that during a portion of the time after the accident claimant was unable to earn anything. There is also some indication of that in the order of the Circuit Judge. But since the evidence is not included in the transcript, we do not know what it shows. There is included in the record a statement purporting to show the hours worked and the weekly wages earned from April 4, 1953 through March 6, 1954. On this statement the hours worked each week vary from 2.8 to 40 and the amount earned weekly from $4.48 to $55.73.

As pointed out by the Circuit Judge in his order, it is for the Commission and not the Court to determine the average weekly wages earned after the accident and he was clearly correct in remanding the case to the Industrial Commission to make specific findings on the issues mentioned in his order.

Under Question 2 appellants contend that if the Circuit Judge was correct in remanding the case to the Industrial Commission, he should have directed the Commission not to fix compensation in excess of $9.00 per week. It is argued that the Commission made a specific finding of 25% general partial disability, from which the claimant did not appeal and, therefore, any compensation allowed could not exceed 60% of 25% of $59.97, the wages which claimant was earning at the time of the accident. It is said that there has been no application for a change of condition and that this finding is conclusive. It is further stated in appellants' brief that "the order of remand should have limited the amount of disability and compensation to no more than 25%, or to have the Commission determine

whether the correct compensation rate is $4.78 or $9.00." But we do not think the Circuit Judge was required to go into these matters. If, as appellants contend, the Commission has made certain findings which have the effect of limiting the amount of compensation to be awarded, it will be assumed that the Commission will be governed accordingly, and if an award is hereafter made not supported by the facts, appellants will have full opportunity to question same by appeal. However, we are not to be understood as intimating any opinion as to the effect of the findings made by the Commission or as to the maximum amount of compensation which may be awarded.

The third question is academic in view of the fact ■■ that the case goes back to the Industrial Commission. While the language used by Commissioner Wideman with reference to the burden of proof is rather ambiguous, this was corrected by the Circuit Judge in directing the Commission "to state in its finding of fact whether or not the evidence preponderates in favor of claimant." Of course, claimant has the burden of proving his case by the preponderance of the evidence.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.