18748

Beatrice OGLESBY, Respondent, v. GREENVILLE YWCA and
Standard Accident Insurance Company, Appellants

(158 S. E. (2d) 907)

*Messrs. Love, Thornton, Arnold & Thomason,* of Green-ville, *for Appellants,*

*John Bolt Culbertson, Esq.,* of Greenville, *for Respondent.*

January 10, 1968.

LITTLEJOHN, Justice.

In this workmen's compensation case the claimant suf-fered a cut-finger injury by a fellow employee while on the job December 28, 1963, and was away from employment for two weeks. Shortly after returning to work the employment relationship came to an end.

The employer tendered workmen's compensation for one week under the theory that two weeks employment was lost and no compensation is payable for the first week; such tender was refused. Thereafter, about March 1964, claimant employed Attorney Harold Morris of the Greenville Bar to pursue her claim. He obtained for her an offer of compro-mise settlement in the amount of $100 from the insurance carrier, which the claimant refused, and Mr. Morris with-drew from the case, notifying the attorney for the insurance carrier.

Thereafter, about June or July 1964, the claimant dis-cussed the case on the telephone with the attorney for the insurance carrier, and was advised that the insurance carrier would pay no more than compensation for one week, and the matter would have to be ended.

Claimant made no further pursuit of the claim until February 1966, when she approached the insurance carrier's attorney and made demand for payments. The demand

was refused and she employed present counsel who asked the Commission for a hearing. She now contends for several months disability. Section 72-303 of the South Carolina Code provides that "the right to compensation * * * shall be forever barred unless a claim is filed with the Commission within one year after the accident * * *."

Evidence was taken in the usual fashion and the single Hearing Commissioner in denying the claim made two findings of fact relevant to this appeal as follows:

"2. It is found as a fact that the claimant did not file a claim for compensation under the Workmen's Compensation Act within one (1) year after the date of the accident as required by Section 72-303. The first filing of the claimant's claim was made on April 13, 1966, more than two (2) years after the claimant's accident on December 28, 1963.

"3. It is found as a fact that the defendants neither waived the filing of the claim nor were they estopped by conduct from which it may be reasonably inferred that the claimant was misled or deceived whether intentionally or not."

Upon review a majority of the full Commission held, "that the single Commissioner erred in his findings of fact Nos. 2, 3 and * * *."

By implication it can be argued that the reversal of both factual findings amounts to a holding by the full Commission that the claim was filed within one year (reversal of No. 2), and also that the claimant was misled or deceived into failing to file a claim within one year (reversal of No. 3). Such finding of fact by the full Commission is inconsistent because if the claimant filed within a year she could not have been misled or deceived. In the light of the entire order of the full Commission we conclude that the actual intent was to find that the claimant was misled or deceived into failing to file within one year; however, in view of the agreed statement wherein it is said, "Plaintiff

contends that the letter of Harold N. Morris, Esq., dated January 22, 1964 (Exhibit 1) constituted the filing of the claim under said Section", we have studied the entire transcript to determine if the order of the Circuit Court and of the full Commission can be sustained either because it was filed within one year or because the claimant was misled or deceived in failing to file a claim within one year.

The letter (Exhibit 1) from Mr. Morris addressed to the South Carolina Industrial Commission reads in its entirety as follows:

"I represent a person employed at a YWCA. Is this organization under the Acts?"

No reference is made in the letter to any named claimant, nor is the Greenville Y.W.C.A. indicated nor is any date of accident shown. Obviously, even under a most liberal view, this letter did not constitute the filing of a claim and the single Commissioner properly so held.

The remaining question for determination by this court is: Does the record reveal any evidence from which a reasonable inference may be drawn, that the employer and/or its insurance carrier misled or deceived the claimant into believing that her rights were protected, and that she need not file a formal claim with the Industrial Commission within the one year period permitted by statute, so that the principles of either estoppel or waiver would be applicable?

This Court has held that the employer may waive the one-year filing requirement and be estopped by its action. As we said in the case of *Poole v. E. I. DuPont De Nemours & Co.*, 227 S. C. 232, 87 S. E. (2d) 640:

"It is now well settled that compliance with the aforementioned statute may be waived by the employer and its insurance carrier or they may become estopped by their conduct from asserting the statute as a defense. *Young v. Sonoco Products Company*, 210 S. C. 146, 41 S. E. (2d)

860. An examination of the decisions of this Court dealing with this question will reveal an adherence to the general principle that waiver or estoppel will arise from conduct on the part of the employer or carrier from which it may be reasonably inferred that the claimant was misled or deceived, whether intentionally or not, and thereby failed to file his claim within the year after the accident."

Under our workmen's compensation law the Commission sits in lieu of a jury and neither the Circuit Court nor this Court may interfere with its findings of fact unless there is an absence of evidence to sustain the findings of the Commission.

The claimant employed an attorney of her own choosing and after he left the case she still had approximately six months of the one year permitted in which to secure other counsel, or file a claim without counsel, if she had chosen. She did nothing for approximately 18 months. Her failure to act cannot be attributed to conduct on the part of either the employer or the carrier.

A review of the entire record, including each answer to every question, fails to reveal any evidence which creates a reasonable inference that the employer or the insurance carrier misled or deceived the claimant, intentionally or unintentionally. There is no evidence that the employer or the insurance carrier waived their right to assert the statute of limitations, nor that they should be estopped to assert the same. The single Hearing Commissioner correctly decided the issues and the lower court is

Reversed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.