18898

Mary TURNER, Respondent, v. CAMPBELL SOUP COMPANY, Inc., and Liberty Mutual Insurance Company, Appellants

(166 S. E. (2d) 817)

*Messrs. Wilcox, Hardee, Houck, Palmer & O'Farrell*, of Florence, *for Appellants*,

*Messrs. Atkinson & Warshauer;* of Sumter, *for Respondent*,

April 1, 1969.

BUSSEY, Justice:

This is a Workmen's Compensation proceeding arising out of a fall sustained by the claimant-respondent in the course of her employment. The Industrial Commission denied compensation but its award was, on appeal, reversed by the circuit court and the case remanded to the Commission "for such further hearings as it deems necessary to determine the proper compensation and other benefits due this claimant." From such order of the circuit court, the employer and carrier appeal.

The order was predicated primarily upon the opinion of this court in *Bagwell v. Ernest Burwell, Inc.,* 227 S. C. 444, 88 S. E. (2d) 611 (1955). In that case compensation for an unexplained fall (in the course of employment) upon a concrete floor was denied, but the opinion set forth principles of law pertinent to the instant case, and we quote the following therefrom:

"It must be conceded that the deceased's fall occurred in the course of his employment but this alone furnishes no basis for an award. It must be further shown either that the cause of the fall or of the resulting injury bore some special relation to his work or to the conditions under which it was performed. *Rozek's Case,* 294 Mass. 205, 200 N. E. 903. * * *

"Our conclusion that claimant has failed to show any causal connection between the fall of deceased and his employment does not, as respondents' counsel seem to think, end our inquiry. There remains for determination whether the fall bore with it such consequence as would not have occurred except for the employment. In other words, we must inquire whether the employment contributed to the effect of the fall. 'If, except for the employment, the fall, though due to a cause not related to the employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and

the accidental injury arose out of the employment. The employment has subjected the workman to a special danger which in fact resulted in injury.' *Connelly v. Samaritan Hospital,* 259 N. Y. 137, 181 N. E. 76, 78. * * *

"That this opinion may not be misunderstood, we desire to say that we do not agree with respondents' counsel in the statement that under our decisions if the fall originates in a cause unrelated to the employment, compensation must be denied even though a particular hazard inherent in the working conditions contributes to the fall and consequent injury."

· With respect to the above enunciated principles of law, see for further reference Larson on Workmen's Compensation, Vol. 1, 192.10, Sec. 12.12.

The findings of fact, conclusions of law and award of the hearing commissioner in the instant case were approved by the full commission without modification or addition. The only finding of fact pertinent to causation of claimant's injury was as follows:

"3. That the evidence was insufficient to establish the fact that the cause of claimant's fainting and subsequent fall was in any way related to her employment and/or caused by any effect of the work. Therefore, it would be but conjecture to say that there was causal connection between her work and illness."

This factual finding upon conflicting evidence, that claimant had failed to show any causal connection between her fall and her employment did not, however, under the evidence in this case and the principles of law enunciated in the Bagwell decision, end the inquiry. As the case will have to be remanded to the Commission for further findings of fact, we will review the evidence only to the extent necessary to a decision of the appeal.

Causal connection of claimant's fall being eliminated, there still remained evidence to the effect that when she fell she struck her head upon a "pipe like thing

that was holding up another table behind Mrs. Turner, where she was working." There was evidence to the effect that there was injury to the left side of her head and that she sustained a concussion. We think that there was sufficient evidence to require a finding of fact by the Commission as to whether or not the fall bore with it such consequences as would not have occurred except for the employment, or, in other words, whether the employment contributed to the effect of the fall. No such finding was made, one way or the other.

The appellants urge that when the above quoted finding of fact is considered in the light of the hearing commissioner's recognition of, and brief quotation from, the Bagwell decision, in her conclusions of law, such constituted a finding of fact that the employment did not contribute to the effect of the fall. We do not agree. The fairly recent case of *Drake v. Raybestos-Manhattan, Inc.,* 241 S. C. 116, 127 S. E. (2d) 288 (1962), was remanded to the Commission for the purpose of making essential findings of fact. We quote the following from that opinion:

"This (remand) is proper, where the Commission has failed to *make essential findings of fact, or the findings made are so indefinite or general as to afford no reasonable basis upon which the appellate court can determine whether the findings of fact are supported by the evidence and whether the law has been properly applied to those findings.* To hold otherwise would in such cases make the determination of the rights of the parties turn upon the neglect of the Commission to make essential findings of fact, or require the appellate court to make the omitted findings of fact which our statute forbids." (Emphasis added.)

The circuit judge, after reviewing all of the evidence, concluded, as a matter of fact and law, that the claimant was entitled to compensation and remanded the case only for determination of the benefits to which he held claimant was entitled. We shall not review the evidence in detail as did the circuit judge. Suffice it to say that we

conclude that he was in error in finding from the record the essential facts necessary to support an award of compensation under the principles of law hereinabove discussed. The order of the circuit judge correctly remanded the case to the Commission, but upon such remand, all factual matters are for the determination of the Commission.

While the present record contains, in our view, sufficient evidence to require a finding of fact by the Commission with respect to whether or not the consequences of the fall were causally connected with the employment, the failure of the hearing Commissioner to make a fact finding thereabout is understandable. The evidence with respect to the consequences of the fall was not as fully developed as it possibly might have been, primary emphasis being placed by all parties on the issue of whether or not the employment caused the fall. Under these circumstances, and in view of the fact that this court has not heretofore had occasion to apply, expressly to a particular state of facts, the sound principles of law enunciated in the Bagwell decision, we are of the view that upon remand, such additional testimony, as may be offered by either of the parties, bearing on any causal connection between the consequences of the fall and the employment of the claimant, should be taken. The order of the circuit court is, accordingly, affirmed in part; but reversed in part and the cause remanded for further proceedings in accordance with the views herein expressed.

Affirmed in part and remanded.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.