**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kevin M. Todd, Appellant,

v.

Michael Roberts d/b/a Michael Roberts Home Repair,
Employer, and S.C. Uninsured Employers' Fund,
Respondents.

Appellate Case No. 2016-000181

———————

Appeal From The Workers' Compensation Commission

———————

Unpublished Opinion No. 2018-UP-215
Submitted April 3, 2018 – Filed May 23, 2018

———————

**VACATED AND REMANDED**

———————

Gene McCain Connell, Jr., of Kelaher Connell &
Connor, PC, of Surfside Beach, for Appellant.

Lisa C. Glover, of Columbia, for Respondents.

———————

**PER CURIAM:** In this workers' compensation case, Kevin Todd appeals the
order of the Appellate Panel of the South Carolina Workers' Compensation
Commission (the Appellate Panel) denying his claim for benefits under the South

Carolina Workers' Compensation Act (the Act).[1]  Todd argues the Appellate Panel erred in (1) not finding Todd's injury to be compensable although he was directed by his employer, Michael Roberts, to conduct a personal errand; (2) not ruling that Roberts directed Todd to conduct a personal errand; and (3) finding Todd to be engaged in a personal venture.  Todd also asserts (4) the Appellate Panel's findings are irrelevant and erroneous to the issue in this case.  We vacate and remand to the South Carolina Workers' Compensation Commission (the Commission).

1.  We find the Appellate Panel's findings of fact and conclusions of law are not sufficiently detailed to allow us to determine whether the decision was erroneous.  *See Able Commc'ns, Inc. v. S.C. Pub. Serv. Comm'n*, 290 S.C. 409, 411, 351 S.E.2d 151, 152 (1986) ("The findings of fact of [the Appellate Panel] must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings."); *id.* ("Implicit findings of fact are not sufficient.  Whe[n] material facts are in dispute, the [Appellate Panel] must make specific, express findings of fact.").  Although the Appellate Panel's order stated Todd was not injured in the "course and scope of his employment," its order made no explicit mention of whether the accident arose out of his employment and did not contain an express finding of fact addressing Todd's argument that he was performing a private errand at the behest, and for the benefit, of his employer.  *See* S.C. Code Ann. § 42-1-160(A) (2015) (stating that, to be compensable under the Act, an injury by accident must be one "arising out of *and* in the course of employment" (emphasis added)); s*ee also West v. All. Capital*, 368 S.C. 246, 254, 628 S.E.2d 279, 283 (Ct. App. 2006) ("A key factor in determining entitlement to compensation under [the course of employment] prong is whether an employee's activity benefited the employer.").

Without these key factual determinations, we must remand because we cannot determine whether the Appellate Panel's findings are unsupported by substantial evidence or controlled by an error of law.  *See Hicks v. Piedmont Cold Storage, Inc.*, 335 S.C. 46, 48, 515 S.E.2d 532, 533 (1999) ("A court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact."); *Turner v. Campbell Soup Co.*, 252 S.C. 446, 450, 166 S.E.2d 817, 818

---

[1] As an initial matter, we note that Respondents—the South Carolina Uninsured Employers' Fund and Michael Roberts—failed to file a final Respondents' Brief with this court.  Rule 208(a)(4), SCACR, provides in part: "Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."

(1969) (finding remand is appropriate when the Appellate Panel fails to make an essential finding of fact or when its findings are so indefinite or general as to afford no reasonable basis for the appellate court to determine whether the findings of fact are supported by the evidence and whether the law has been properly applied to the findings); *id.* at 450, 166 S.E.2d at 818–19 ("To hold otherwise would in such cases make the determination of the rights of the parties turn upon the neglect of the [Appellate Panel] to make essential findings of fact, or require the appellate court to make the omitted findings of fact which our statute forbids." (quoting *Drake v. Raybestos-Manhattan, Inc.*, 241 S.C. 116, 124, 127 S.E.2d 288, 292–93 (1962))).  Thus, we vacate the Appellate Panel's order and remand the case to the Commission for it to determine whether the incident arose out of Todd's employment with Michael Roberts Home Repair and whether Todd's work on the salvaged boat provided any benefit to Roberts or to Todd's employment with Michael Roberts Home Repair.

2.  Because our resolution of the prior issue is dispositive, we decline to address the remaining issues on appeal.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**VACATED AND REMANDED.**[2]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.