**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Contreras, Claimant, Appellant,

v.

St. John's Fire District Commission, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2016-001247

―――――――――――

Appeal From The Workers' Compensation Commission

―――――――――――

Unpublished Opinion No. 2019-UP-040
Heard November 13, 2018 – Filed January 23, 2019

―――――――――――

**VACATED AND REMANDED**

―――――――――――

Gary Christmas, of Howell & Christmas, LLC, of Mt. Pleasant; and Stephen B. Samuels, of Samuels Law Firm, LLC, of Columbia, for Appellant.

Margaret M. Urbanic, of Clawson and Staubes, LLC, of Charleston; and Page S. Hilton, of State Accident Fund, of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** In this workers' compensation case, Thomas Contreras appeals the order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel). Contreras argues the Appellate Panel erred in

(1) finding Contreras's injury was limited to his right shoulder, and the Single Commissioner of the South Carolina Workers' Compensation Commission (the Single Commissioner) did not find the clavicle compensable; and (2) prohibiting Contreras from raising the issue of temporary partial disability (TPD) on remand. We vacate and remand to the South Carolina Workers' Compensation Commission (the Commission).

1.  We find the Appellate Panel's findings of fact and conclusions of law are not sufficiently detailed to allow us to determine whether the decision was erroneous. *See Able Commc'ns, Inc. v. S.C. Pub. Serv. Comm'n*, 290 S.C. 409, 411, 351 S.E.2d 151, 152 (1986) ("The findings of fact of [the Appellate Panel] must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings.").  Although the Appellate Panel's order stated there was "no separate impairment rating to the upper extremity," its order failed to clearly set forth the underlying facts upon which it relied to support its conclusion that Contreras's injury was limited to the right shoulder.  *See id.* ("Implicit findings of fact are not sufficient.  Whe[n] material facts are in dispute, the [Appellate Panel] must make specific, express findings of fact.").  "To obtain compensation in addition to that scheduled for the injured member, claimant must show that some other part of his body is affected."  *Singleton v. Young Lumber Co.*, 236 S.C. 454, 471, 114 S.E.2d 837, 845 (1960).  Here, Contreras presented evidence that he injured his right arm and right clavicle in addition to his right shoulder.  This issue impacts the ultimate liability in the case and determines whether compensation falls under section 42-9-20 of the South Carolina Code (2015) or section 42-9-30 of the South Carolina Code (2015).  *See Drake v. Raybestos-Manhattan, Inc.*, 241 S.C. 116, 129, 127 S.E.2d 288, 295 (1962) (holding an issue that impacts the "ultimate liability in the case" is "one upon which the Commission is required to make an express finding of fact" and "failure to do so requires that the case be remanded to the Commission for such finding"), *superseded by statute*.

Without specific and definite findings upon the evidence, we must remand because we cannot determine whether the Appellate Panel's findings are unsupported by substantial evidence or controlled by an error of law.  *See* S.C. Code Ann. § 42-17-40(A) (2015) ("The award, together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue, must be filed with the record of the proceedings."); *Turner v. Campbell Soup Co.*, 252 S.C. 446, 450, 166 S.E.2d 817, 818 (1969) (finding remand is appropriate when the Appellate Panel fails to make an essential finding of fact or when its findings are so indefinite or general as to afford no reasonable basis for the appellate court to determine

whether the findings of fact are supported by the evidence and whether the law has been properly applied to the findings); *id.* at 450, 166 S.E.2d at 818–19 ("To hold otherwise would in such cases make the determination of the rights of the parties turn upon the neglect of the [Appellate Panel] to make essential findings of fact, or require the appellate court to make the omitted findings of fact which our statute forbids." (quoting *Drake*, 241 S.C. at 124, 127 S.E.2d at 292–93)).  Thus, we vacate the Appellate Panel's order and remand the case to the Commission to make specific findings of fact regarding Contreras's right arm, right shoulder, and right clavicle.[1]

2.  We find the Appellate Panel erred in prohibiting Contreras from raising the issue of TPD on remand to the Single Commissioner and to the Appellate Panel on appeal from remand.  Initially, we find Contreras did not have to raise this issue in his interlocutory appeal to preserve this issue.  *See S.C. Baptist Hosp. v. S.C. Dep't of Health & Envt'l Control*, 291 S.C. 267, 270, 353 S.E.2d 277, 279 (1987) ("An agency decision which does not decide the merits of a contested case, but merely remands . . . for further action is not a final agency decision subject to judicial review."); *Bone v. U.S. Food Service*, 399 S.C. 566, 576, 733 S.E.2d 200, 205 (2012) ("Whe[n] the party is not yet able to appeal due to the lack of a final judgment, the issue is not precluded [as the law of the case] as there was no prior opportunity for appeal.").

We find the Appellate Panel's findings of fact regarding Contreras's TPD award do not afford this Court a reasonable basis to "determine whether the findings of fact are supported by the evidence and whether the law has been properly applied to those findings." *Turner*, 252 S.C. at 450, 166 S.E.2d at 818 (quoting *Drake*, 241 S.C. at 124, 127 S.E.2d at 292–93).  Although the Appellate Panel found Contreras was entitled to TPD, it failed to make specific findings regarding the amount of compensation awarded for TPD.  "It is the duty of the Commission to make specific findings upon which a claimant's entitlement to compensation may rest and upon which the amount of compensation due him may be calculated by one of the statutory formulae." *Shealy v. Algernon Blair, Inc.*, 250 S.C. 106, 109–10, 156 S.E.2d 646, 648 (1967).  "[A]wards without such specific findings do not comply

---

[1] Because the Appellate Panel's order was insufficient, we need not address whether Contreras should have received an award under section 42-9-20 rather than section 42-9-30.  *See Futch v. McAllister Towing of Georgetown Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

with the requirements of the [Workers' Compensation Act] and are illegal." *Id.* at 110, 156 S.E.2d at 648.  We vacate and remand this issue to the Commission to make specific findings of fact and conclusions of law regarding awarding TPD benefits to Contreras.  *See Etheredge v. Monsanto Co.*, 349 S.C. 451, 454, 562 S.E.2d 679, 681 (Ct. App. 2002) (stating the Appellate Panel is the ultimate fact finder in workers' compensation cases and is not bound by the Single Commissioner's findings of facts and conclusions of law);  *Frady v. Pacific Mills*, 231 S.C. 601, 606, 99 S.E.2d 398, 401 (1957) (stating it is for the Commission, and not the court, to make specific findings regarding an award, and it is appropriate for the court to remand the case to the Commission to make such findings).

**VACATED AND REMANDED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**